Arthur A. Klotz, J.
The defendant, a New Jersey corporation, appears specially and moves to set aside the service of the summons made upon it in New Jersey on the ground that the court has no jurisdiction over the person of the corporation and for insufficiency of the service of the summons. The plaintiff concedes that defendant is a New Jersey corporation and that service was made in that State, but claims jurisdiction was had by virtue of plaintiff’s having obtained a warrant of attachment pursuant to which a marshal has levied upon property of the defendant within this city. Subsequently, service of the summons and complaint was made as aforesaid pursuant to section 235 of the Civil Practice Act.
Under the jurisdiction of the former Municipal Court or City Court, the conclusion would follow upon these facts that in rem jurisdiction was had over the property of defendant and this motion would have to be denied. However, this court as now constituted must be guided by the limits of its jurisdiction as set forth in section 7 of the New York City Civil Court Act, and section 14 thereof dealing with provisional remedies. The latter section which gives the court the power to issue a warrant of attachment concludes with the following sentence: “ The powers of the court with regard to the foregoing shall, consistent with its jurisdiction, be the same as those of supreme court.” .(Emphasis supplied.) This action for the recovery of money for work, labor and services allegedly performed for the defendant foreign corporation does not appear to be one over which this court would have jurisdiction under any of the subdivisions *522 (a), (b) or (c) of section 7. Even assuming the cause of action arose within the City of New York, as required under subdivision (b) of section 7, the further requirement thereof that ■“ the defendant either resides or has regular employment or a place for the regular transaction of business within the city of jSTew York ” has not been met.
Therefore, the service of the summons and complaint must be .and is set aside because of the court’s lack of jurisdiction of the .defendant under section 7. The warrant of attachment must in .consequence of this disposition be deemed vacated. If a further order is needed to accomplish such vacatur, the court will grant it, if settled on notice.